**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
                                                            :
THE KEITH HARING FOUNDATION INC. &                          :
KEITH HARING STUDIO, LLC                                    :     Case No. 1:20-cv-01961-LAK-DCF
                                                            :
                Plaintiffs,                                 :
                                                            :     **STIPULATED PROTECTIVE**
        v.                                                  :     **ORDER**
                                                            :
GIN&TONIC LLC.,                                             :
                                                            :
                Defendant.                                  :
                                                            :
------------------------------------------------------------X

The undersigned parties to this Stipulated Protective Order (the "Protective Order") hereby stipulate and agree to the treatment of certain information exchanged in connection with the above-captioned action (the "Action") as follows:

**l.      Designated Materials.**

This Protective Order shall govern any document, thing, or information that is disclosed or produced to, or served on, a party in this Action, whether embodied in documents, electronically stored information, tangible things, written discovery responses, the factual knowledge of persons, or any other material produced in discovery (hereinafter, "material"). Material may be designated (1) CONFIDENTIAL or (2) HIGHLY CONFIDENTIAL.

(a)     Proprietary business information and communications under, concerning, or relating to the License that is the subject of the parties' dispute, or concerning negotiation of same; royalty statements and Licensee's records and books as per Paragraph 8 of the License; other proprietary, commercially sensitive, or confidential information regarding business practices, research, development, commercial practices, and competitive information; and information implicating privacy rights of individuals or other information of a personal nature; which cannot be designated as HIGHLY CONFIDENTIAL; and that are not otherwise public may be designated as "CONFIDENTIAL," in whole or in part.

(b)     Agreements, communications, data, or other material containing trade secrets and/or proprietary business information that if disclosed to another person or to the public would cause financial, competitive, or other business disadvantage or other harm to the competitive business or commercial position of the party or nonparty making the designation, or would provide the receiving party financial, competitive, or other business advantage; and personal or business financial information may be designated as "HIGHLY CONFIDENTIAL," in whole or in part.

(c) In the event other categories of material not already addressed in subparagraphs (a) and (b) above require a confidentiality designation, an application may be made to the Court.

(d) The designations described in subparagraphs (a) and (b) above shall be made, where practical, by marking each page of a document, each separate part or component of a thing, or each separate item of other information in a conspicuous manner with the appropriate designation. If not practical to so mark the material itself, a container for or a tag attached to the material shall be so marked. If any material produced in a non-paper medium is printed out by the receiving party, the receiving party must mark each page of the printed version with the appropriate designation if the printed version is not already marked.

(e) Where material is produced for inspection pursuant to Fed. R. Civ. P. 34, if a party believes that inspection will reveal or disclose information that is designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, that party shall advise at or in advance of the time of inspection that the inspection shall be permitted only on a restricted basis and that the material, any information derived from that material, and any copy, photograph, or other reproduction of the material shall be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

(f) The designation or non-designation of any material under this Protective Order shall not be admissible as evidence in this Action for any purpose.

(g) The parties will use reasonable care to avoid designating any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL that is not entitled to such designation.

(h) If, through no fault of the receiving party and for reasons wholly unrelated to this Action, the copending action in Supreme Court, New York County, Gin&Tonic LLC v. Keith Haring Studio, LLC and Artestar, LLC, Index No. 650985/2020, or any appeals therefrom, material previously designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL becomes readily available to the public, the material will be undesignated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.

2. **Access to HIGHLY CONFIDENTIAL Material.** Access to material designated HIGHLY CONFIDENTIAL under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum, discovery document, or other paper that contains, reveals, or refers to material so designated, shall be limited to:

(a) Outside counsel of record for the parties in this Action;

(b) Other outside counsel for Plaintiffs at Stout Thomas & Johnson, provided that such other outside counsel has completed and executed a Notice of Adherence to Protective Order in the form attached hereto as Exhibit A (the "Notice of Adherence") and served a copy of such executed Notice of Adherence on all parties;

(c) Partners, counsel, associates, and employees of counsel described in subparagraphs (a) and (b) above assisting such counsel in connection with this Action, provided that such persons are informed that the material may not be disclosed or used except as provided in this Protective Order;

(d) Independent copy and litigation support services solely for purposes of making copies, preparing exhibits, or otherwise assisting in the preparation of discovery or trial materials for use in this Action;

(e) Nonparty experts or consultants, including their staff, retained to assist counsel of record in this Action who become qualified to receive material designated under this Protective Order in accordance with the following procedure:

(i) A party proposing any such expert or consultant shall submit to outside counsel of record for the producing parties or nonparties a copy of a completed Notice of Adherence executed by such expert or consultant, as well as a current resume or curriculum vitae for such person, which shall disclose any non-confidential employment and/or consultations the expert or consultant has had in the preceding four (4) years. To the extent that there is a confidential employment or consultation arrangement, the proposing party shall disclose, to the extent possible without violating any confidentiality obligations, (A) the industry in which the relationship(s) took place and, if applicable, general technology involved, (B) the dates of the relationship(s), (C) a statement of whether the relationship(s) was with a competitor of the producing parties or nonparties, and (D) any non-confidential information available about the relationship(s) that would describe or tend to describe the circumstances of the relationship(s). If any of the information in (A) through (D) above cannot be disclosed because of confidentiality obligations, the proposing party must identify which category or categories of information is or are not being disclosed. The proposing party shall respond within five (5) court days to any reasonable request for additional information regarding the employment or consulting relationships or other professional activities of the proposed expert or consultant;

(ii) Any objection to any such proposed expert or consultant must be made within five (5) court days after the receipt of the disclosure set forth in subparagraph (i) above, setting forth in writing the bases for the objection. The parties shall confer in good faith within five (5) court days of receiving the objection; and, if not resolved, the producing party or nonparty shall have ten (10) court days thereafter to move the Court or request leave to move the Court as required by court rule. When an objection is made, no HIGHLY CONFIDENTIAL material shall be disclosed to the expert or consultant unless and until after said ten (10) court day period in which to file a motion closes, if no motion is filed; or upon entry of the Court's order denying the objecting party's or nonparty's motion, if a motion is filed. If the producing party does not timely confer or make a timely motion or request to the Court, its objection is deemed withdrawn. Failure of the producing party or nonparty to file such a motion shall be deemed a waiver of any objection to the disclosure of material to the proposed expert or consultant, subject to the terms and conditions of this Protective Order;

(iii) If no timely objection is made within five (5) court days after the receipt of the disclosure set forth in subparagraph (i) above, such expert or consultant shall thereafter be deemed a qualified recipient and entitled to receive the producing party's or nonparty's HIGHLY CONFIDENTIAL material pursuant to the terms and conditions of this Protective Order;

(f) Court reporters involved in transcribing depositions or other proceedings in this Action, and videographers involved in recording depositions, only to the extent necessary to perform their duties;

3

(g) The Court and any court of appellate jurisdiction;

(h) Court personnel involved with this Action;

(i) Members of the jury in this Action;

(j) Witnesses who are deposed in this Action or who are called as witnesses at any hearing in this Action, but only in preparation for, or during, the deposition or hearing; and only under the following circumstances:

    (i) Any witness may be shown, but shall not retain, HIGHLY CONFIDENTIAL material in which the witness is identified as an originator, signatory, author, addressee, or recipient of the original or a copy;

    (ii) A current officer, director, or employee of a producing party or nonparty may be shown that party's or nonparty's HIGHLY CONFIDENTIAL material;

    (iii) Any witness selected by a producing party or nonparty to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure may be shown that party's or nonparty's HIGHLY CONFIDENTIAL material;

    (iv) A former officer, director, or employee of a producing party may be shown that party's HIGHLY CONFIDENTIAL material if it appears from the face of the material that the witness is identified as an originator, signatory, author, addressee, or recipient of the material or any copy thereof while employed by the producing party, provided that counsel making such disclosure shall inform the witness that the material may not be disclosed or used except as provided in this Protective Order; and

(k) Any person that already has or obtains legitimate possession.

**3.** **Access to CONFIDENTIAL Material.** Access to material designated CONFIDENTIAL under this Protective Order, and to any portion of any transcript, brief, affidavit, letter, memorandum, discovery document, or other paper that contains, reveals, or refers to material so designated, shall be limited to the persons and circumstances identified in paragraph 2 above and additionally:

(a) For each party, up to five (5) officers, executives, directors, managers, or in-house counsel of the party, or on behalf of Plaintiffs of Artestar, LLC, who have completed and executed a Notice of Adherence and served copies of such executed Notice of Adherence on all parties; and

    (i) The clerical employees of such officers, executives, directors, or managers described in subparagraph (a) above (including secretaries, paralegals, clerks, and claims specialists) actually assisting in connection with this Action; provided, however, that such employees have access to material designated CONFIDENTIAL only to the extent necessary to perform their duties and are informed that the material may not be disclosed or used except as provided in this Protective Order.

**4.     Persons Permitted In Depositions.**  If any questions are to be asked or any answers are to be given during the course of a deposition regarding (a) HIGHLY CONFIDENTIAL material or subject matter, then only persons designated in Paragraph 2 above (and the deponent's counsel in the case of a separately represented nonparty), or (b) CONFIDENTIAL material, only persons designated in Paragraph 3 above (and the deponent's counsel in the case of a separately represented nonparty) shall be allowed to be present during such portion of the deposition.  It shall be the obligation of the party or nonparty designating the CONFIDENTIAL or HIGHLY CONFIDENTIAL material to invoke this provision.  This Paragraph shall not be deemed to authorize disclosure of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material to any person to whom disclosure is prohibited under this Protective Order.

**5.     Designation of Deposition Transcripts.**  A deponent or its counsel may designate a deposition or a portion thereof as CONFIDENTIAL or HIGHLY CONFIDENTIAL (i) at the deposition by requesting the reporter to insert a statement regarding the designation into the deposition transcript, or (ii) within thirty (30) calendar days (or the next following business day in the event the 30th day is not a business day) after receipt of the deposition transcript by informing the other parties in writing of the portions of the transcript that are to be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.  The deposition transcript and contents of the deposition shall not be disclosed to any person other than those persons who are entitled to have access to HIGHLY CONFIDENTIAL material pursuant to Paragraph 2 above and the deponent (and the deponent's counsel in the case of a separately represented nonparty) until a designation is made or after said thirty (30) day period closes.  Upon being informed that certain portions of a deposition transcript are designated CONFIDENTIAL or HIGHLY CONFIDENTIAL, each party shall cause each copy of the transcript in its possession, custody or control to be so marked, to the extent not marked by the reporter.

**6.     Limits on Use of Designated Materials.**  All materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL as provided herein shall not be disclosed by the receiving party to anyone other than those persons who are entitled to have access to such material pursuant to Paragraphs 2 and 3 above, unless and until the restrictions herein are removed by an order of the Court or by written agreement of the parties (and producing nonparty, as applicable).  Each recipient of materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall maintain such materials in a secure, safe area and shall exercise the same standard of care with respect to the storage, custody, use, and dissemination of such materials as is exercised by the recipient with respect to its own such material.  All documents produced in this Action not readily available to the public shall not be used by any receiving party for any purpose other than in connection with the Action, the copending action in Supreme Court, New York County, Gin&Tonic LLC v. Keith Haring Studio, LLC and Artestar, LLC, Index No. 650985/2020, and any appeals therefrom.

**7.     Objecting to Designations and Resolution of Disputes.**  Nothing in this Protective Order shall be construed to prevent any party to this Action from opposing the designation of materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL as follows:

(a)     A receiving party opposing the designation of materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall serve a written objection including a statement of the grounds for the objection on the producing party or nonparty.  The producing party or nonparty will have

five (5) court days following the receipt of the objection to (1) advise the receiving party whether or not the producing party or nonparty persists in such designation; and (2) if the producing party or nonparty persists in the designation, to explain the reasons for the particular designation. If a dispute remains, the parties shall confer in good faith within five (5) court days thereafter; and, if not resolved, the receiving party or nonparty opposing the designation shall have ten (10) court days thereafter within which to move the Court or request leave to move the Court as required by court rule. On such a motion, it shall be the burden of the producing party or nonparty to prove that the material was properly designated. If a receiving party does not timely confer or make a timely motion or request to the Court, its objection is deemed withdrawn. Until a ruling from the Court, disputed material is presumed to be CONFIDENTIAL or HIGHLY CONFIDENTIAL as designated and shall be treated in accordance with the terms and conditions of this Protective Order. The failure of the receiving party to object to the confidentiality designation of any material under this Protective Order at the time of production shall not be deemed a waiver of the receiving party's right to object to such designation at any time thereafter.

(b) If the producing party or nonparty alleges that the receiving party's use of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL violated the terms and conditions of this Protective Order, the producing party or nonparty shall have the burden of showing that the receiving party received material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL and used it in violation of the terms and conditions of this Protective Order.

8. **Disclosure to Other Parties.** If counsel for any receiving party desires to disclose (a) any material designated HIGHLY CONFIDENTIAL to a person not authorized by Paragraph 2 above to receive such material, or (b) any material designated CONFIDENTIAL to a person not authorized by Paragraph 3 above to receive such material, counsel for the receiving party must first submit to counsel for the producing party or nonparty a copy of a completed Notice of Adherence executed by the person seeking access, and disclose that person's name, a statement of that person's responsibilities that require access to such material, a specific identification of the material to which access is required by document identification number or other specific reference, and a brief statement as to why such access is necessary. The producing party or nonparty shall have ten (10) days after receiving the above-described information to object in writing to such disclosure. If the producing party or nonparty refuses consent, the producing party or nonparty and the receiving party shall confer in good faith to attempt to resolve the reasons for withholding consent within ten (10) days thereafter. If an agreement cannot be reached, the receiving party desiring to disclose the CONFIDENTIAL or HIGHLY CONFIDENTIAL material may petition the Court for an order granting disclosure. Pending resolution of any disagreement concerning disclosure, no disclosure shall be made to such person. Nothing about this Paragraph should be construed by the Parties as creating an expectation that disclosure will necessarily be appropriate to **any** party not designated by Paragraph 2 or 3.

9. **Copies and Translations.** Nothing herein shall restrict a receiving party from making working copies, abstracts, digests, translations, and analyses of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL for use in connection with this Action; and such working copies, abstracts, digests, translations, and analyses shall be deemed to have the same level of protection under the terms and conditions of this Protective Order. Nothing herein shall restrict a receiving party from converting or translating such material into machine-readable

form for incorporation in a data retrieval system used in connection with this Action, provided that access to such material in whatever form stored or reproduced, shall be limited to the receiving party and its authorized representatives or employees as set forth in this Protective Order.

**10.    Pleadings and Other Court Papers.**  Pleadings and amendments thereto filed in the instant Action and in the copending action in Supreme Court, New York County, *Gin&Tonic LLC v. Keith Haring Studio, LLC and Artestar, LLC*, Index No. 650985/2020 notwithstanding, any brief, exhibit, or other paper that is filed with the Court or served on another party or nonparty that contains or quotes material designated CONFIDENTIAL or that contains, quotes, discusses, or otherwise reveals material designated HIGHLY CONFIDENTIAL shall also bear such designation.  Any CONFIDENTIAL or HIGHLY CONFIDENTIAL material that is filed with the Court for any purpose shall be filed under seal, in accordance with the Court's local rules, ECF Privacy Policy, and Hon. Lewis A. Kaplan's individual practices.  Upon agreement of the producing party or nonparty, as well as any other party or nonparty that is the subject of CONFIDENTIAL material, the foregoing requirements may be waived with respect to CONFIDENTIAL material only.

**11.    Final Disposition of Materials.**  Unless counsel agree otherwise in writing, within sixty (60) days of final termination of this Action, including any appeals, all material that has been produced, served, or otherwise made available during the course of this Action, together with all reproductions, copies, abstracts, indices, or summaries of those materials, shall be destroyed or delivered to counsel for the producing party or nonparty; except that outside counsel of record for each party or in-house counsel may retain a complete set of their files for this Action, including all pleadings, depositions, deposition exhibits, deposition evaluations, expert reports including exhibits, discovery responses, correspondence, abstracts, summaries, and other attorney work product.  Such file copies must be maintained under the conditions of HIGHLY CONFIDENTIAL material.

**12.    Inadvertent Failure to Designate.**  Production of any material without a designation or an incorrect designation will not be deemed to waive a later claim as to its proper designation, nor will it prevent the producing party or nonparty from redesignating said material CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Once redesignated, the redesignated material shall thereafter be treated as if it had originally been designated at the redesignated level.  Following any redesignation of materials, the receiving party shall take reasonable steps to comply with the redesignation, including retrieving all copies of, excerpts of, and notes related to any redesignated materials from persons not entitled to receive them.  Disclosure of such CONFIDENTIAL or HIGHLY CONFIDENTIAL material to persons not authorized to receive that material prior to receipt of the redesignation shall not be deemed a violation of this Protective Order.  In the event distribution has occurred to a person not under the control of a receiving party, the receiving party shall make in writing a request for return of the material and for an undertaking of confidentiality.  In the event the request is not agreed to in writing within seven (7) days, or in the event there is no response, or in the event that the receiving party deems the making of the request to be a useless act, the receiving party shall promptly notify the producing party or nonparty of the distribution and all pertinent facts concerning it, including the identity of the person or entity not under the control of the receiving party.

7

**13.     Improper Disclosure.**  If materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL are disclosed by a receiving party to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately upon discovery of such improper disclosure bring all pertinent facts relating to such disclosure to the attention of the producing party or nonparty, and without prejudice to the rights and remedies of the producing party or nonparty, make every effort to retrieve the improperly disclosed materials and to prevent further unauthorized disclosure on its own part or on the part of the recipient of such materials.

**14.     Confidential Materials Subject to Contractual or Other Obligations.**  During the course of this Action, a party may be requested to produce material subject to contractual or other obligations of confidentiality owed to a nonparty party, whether express or implied.  When a party subject to such contractual or other obligation of confidentiality determines it has received a request to disclose such material, or upon receiving an express request for disclosure of such material, the party shall contact the nonparty within ten (10) days to determine whether such nonparty is willing to permit disclosure of the confidential material under the terms and conditions of this Protective Order; and, at the same time, advise the potential receiving party requesting disclosure that such notice has been given.  Except where the contractual or other obligation expressly sets forth otherwise, the nonparty shall have fourteen (14) calendar days from receipt of the written notice in which to seek a protective order to prevent disclosure, if the nonparty so desires.  If the nonparty consents to disclosure, or if the fourteen (14) calendar days elapse without the nonparty seeking a protective order or otherwise responding to the request, the requested material shall be produced in accordance with the terms and conditions of this Protective Order.  The party subject to such contractual or other obligation of confidentiality shall expressly inform the nonparty of the contents of this Protective Order and specifically of this paragraph 14.

**15.     Privileged and Irrelevant Materials.**  Nothing in this Protective Order shall be construed as requiring disclosure by the producing party or nonparty of material subject to the attorney-client privilege or work-product doctrine or any other applicable privilege or immunity ("Privileged Materials"), or materials which are otherwise irrelevant and/or beyond the scope of permissible discovery, and all objections on such grounds are expressly reserved.

**16.     Inadvertent Disclosure of Privileged Materials.**  The inadvertent disclosure of Privileged Materials shall not be deemed a waiver in whole or in part of a party's or nonparty's claim of privilege or other immunity, either as to the specific material disclosed or as to any other material relating thereto.  If a party or nonparty has inadvertently produced Privileged Materials, the receiving party, upon request, shall return to the producing party or nonparty, or destroy and certify in writing that it has destroyed, the inadvertently produced Privileged Materials, all copies thereof, and any notes regarding the Privileged Material within five (5) court days of the request.

**17.     Intentional Waiver of Privilege.**  Any intentional waiver of privilege or protection in this action shall not serve as a waiver in any other federal or state proceeding other than the copending action pending in Supreme Court, New York County, *Gin&Tonic LLC v. Keith Haring Studio, LLC and Artestar, LLC*, Index No. 650985/2020.

8

18. **Additional Relief.**  Nothing in this Protective Order shall be construed to prevent a party or nonparty from seeking additional relief, including such further provisions regarding confidentiality, as may be appropriate.

19. **No Waiver of Objections to Admissibility.**  Nothing in this Protective Order shall be construed as a waiver by a party of any objections that might be raised as to the admissibility at trial of any evidentiary materials, and all such objections are expressly reserved.

20. **Advice to Client.**  Except as authorized under the terms of this Protective Order, counsel shall not disclose to their party or non-party clients the contents of any material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL.  Notwithstanding the foregoing, nothing in this Order shall prevent counsel of record from adequately communicating with their respective clients and keeping their clients informed as to the status and progress of this Action by referring generally to papers, pleadings, or other material disclosed in this proceeding that contain or refer to CONFIDENTIAL or HIGHLY CONFIDENTIAL material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, counsel shall not disclose the contents of CONFIDENTIAL or HIGHLY CONFIDENTIAL material to individuals not authorized to access such materials in accordance with Paragraphs 2 and 3 above.

21. **Continuing Obligations.**  This Protective Order and all obligations and duties arising hereunder shall remain in effect after the final termination of this Action unless otherwise ordered by the Court.  The Court retains jurisdiction indefinitely over the parties and any other person provided access to materials designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under the terms and conditions of this Protective Order, with respect to any dispute over the improper use of materials so designated and with respect to any orders permitting materials to be filed and maintained under seal.  The producing parties and nonparties reserve all rights to apply to the Court at any time for an order: (a) modifying this Protective Order, (b) seeking further protection against discovery or use of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, or (c) seeking further production, discovery, disclosure, or use of claimed CONFIDENTIAL or HIGHLY CONFIDENTIAL material.

22. **Trial and Hearings.**  A party or nonparty who desires to maintain at trial the confidentiality of any material designated under this Protective Order shall make an application to the Judge Kaplan in advance of trial.

23. **Amendments.**  This Protective Order may only be amended by written agreement of all of the parties, subject to approval by the Court, without prejudice to the rights of any party or nonparty to move for relief from any of its provisions; except that the time periods set forth herein may be modified by express agreement of all the parties.

24. **Miscellaneous Provisions.**

    (a)    Transmission by facsimile, e-mail, or other electronic means is acceptable for all notification purposes herein.

    (b)    The Court may modify the terms and conditions of this Protective Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  The

parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

      (c)      Without separate Court order, this Protective Order and the parties' stipulation thereto does not change, amend, or circumvent any Court rule or local rule.

[SIGNATURE PAGE FOLLOWS]

| | |
|---|---|
| **LADAS & PARRY LLP** | **K&L GATES LLP** |
| By: /s/ Ralph H. Cathcart | By: /s/ Luke Steinberger |
| Ralph Cathcart (RHC2350)<br>Jennifer Kwon (JK0211)<br>1040 Avenue of the Americas<br>New York, New York 10018<br>(212) 708-1800<br>rcathcart@ladas.com<br>jkwon@ladas.com | Luke E. Steinberger<br>599 Lexington Avenue<br>New York, New York 10022<br>(212) 536-3900<br>Luke.Steinberger@klgates.com |
| *Attorneys for Plaintiffs*<br>*The Keith Haring Foundation Inc. and*<br>*Keith Haring Studio, LLC* | *Attorneys for Defendant*<br>*Gin&Tonic LLC* |
| Dated: October 27, 2020 | Dated: October 27, 2020 |

IT IS SO ORDERED:

_/s/ Debra Freeman_

Hon. Debra Freeman
United States District Judge
Dated: 10/28/2020

(The Clerk of Court is directed to close Dkt. 30 on the Docket of this action.)

11

# EXHIBIT A

**Form of Notice of Adherence to Stipulated Protective Order**

**Notice of Adherence to Stipulated Protective Order**

I, _____, declare and say that:

    1.    I have an address at:

_____.

    2.    I am employed as _____.

    3.    I have read the Stipulated Protective Order (the "Protective Order") entered in *The Keith Haring Foundation Inc. and Keith Haring Studio, LLC v. Gin&Tonic LLC* (the "Action"), and a copy of the Protective Order has been given to me.

    4.    I agree to be bound by the terms of the Protective Order and agree that any material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL within the meaning of the Protective Order shall be used by me only to assist outside litigation counsel in connection with the Action.

    5.    I agree that I will not disclose material designated HIGHLY CONFIDENTIAL with anyone other than the persons described in Paragraph 2 of the Protective Order.

    6.    I agree that I will not disclose material designated CONFIDENTIAL with anyone other than the persons described in Paragraph 3 of the Protective Order.

    7.    I understand that any disclosure or use of material designated CONFIDENTIAL or HIGHLY CONFIDENTIAL in any manner contrary to the terms of the Protective Order will subject me to sanctions, including for contempt of the Protective Order.

    8.    I understand and agree that within sixty (60) days of the final disposition of this Action, including appeals, or such time as I am no longer involved in the Action, I shall either destroy or deliver to counsel for the producing party or nonparty all CONFIDENTIAL or HIGHLY CONFIDENTIAL material and all copies made thereof, including summaries, excerpts, and work product that includes information obtained from any received CONFIDENTIAL or HIGHLY CONFIDENTIAL material.

    9.    I agree to be subject *in personam* to the jurisdiction of the U.S. District Court in which this Action is conducted in connection with any proceeding related to the enforcement of the Protective Order.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed by me this _____ day of _____, 202\_\_\_ at _____.
        [City, State]

_____
        [Signature]